Marie B. **RUSSELL**, Plaintiff,

v.

**MICRODYNE CORPORATION,** Defendant.

Civ. A. No. 93–136–A.

United States District Court, E.D. Virginia, Alexandria Division.

July 7, 1993.

---

Philip J. Simon, Kator, Scott & Heller, Washington, DC for plaintiff.

Penelope Allen Kilburn, Latham & Watkins, Washington, DC for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendant Microdyne Corporation's Motion for Summary Judgment. Plaintiff Marie B. Russell is currently employed by Microdyne and has sued the defendant for alleged sexual discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

This court has jurisdiction under 42 U.S.C. § 2000e–5(f)(3). Grants of summary judgment motions are warranted if the pleadings, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party will prevail as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In response to an advertisement by the defendant in the *Washington Post* seeking a marketing assistant on September 18, 1990, plaintiff Marie Russell forwarded her resume to Microdyne. The resume indicated that she had been employed by Management Engineers ("MEI") as a Marketing Manager from "April 1986—present." On October 4,

1990, Microdyne interviewed Russell and she completed a formal application. On this application, plaintiff identified MEI as her current employer and stated that her reason for leaving her position was for "growth, financial stability of company." She said that her salary at MEI was $25 per hour or $50,000 per year. She said that Microdyne should not contact MEI. She signed the application under the statement that it was correct to the best of her knowledge and that any false statements or misrepresentations "will be sufficient grounds for rejection of this application or discharge after employment."

During discovery in this employment discrimination action, Microdyne learned that Russell's application and resume misrepresented that she was employed at MEI when she applied for her position at Microdyne. In fact, she had been laid off ten months earlier and her reasons for leaving MEI were false. She also overstated her salary at MEI and at various consulting jobs during the ten months since leaving MEI. Her annual income was actually less than half the $50,000 she reported on her application.

 Under the "after-acquired evidence" doctrine in civil rights suits, discrimination claims are barred and summary judgment is proper if the plaintiff made material misrepresentations during the employment application process. *Summers v. State Farm*, 864 F.2d 700 (10th Cir.1988). If an employee never would have been hired or would have been discharged due to fraudulent statements, no recovery is warranted, regardless of any alleged adverse employment actions against the plaintiff. *Cf. Smallwood v. United Airlines*, 728 F.2d 614 (4th Cir.1984) (applying reasoning of *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), to conclude that grant of any relief to age discrimination plaintiff was improper where defendant had established that it never would have employed plaintiff based on misstatements in employment application); *Johnson v. Honeywell Information Systems, Inc.*, 955 F.2d 409 (6th Cir.1992) ("in cases of resume fraud summary judgment will be appropriate where the misrepresentation or omission was material, directly related to measuring a candidate for employment, and was relied upon by the employer in making the hiring decision"); *Milligan–Jensen v. Michigan Technological Univ.*, 975 F.2d 302, 304–05 (6th Cir.1992) ("[I]f the plaintiff would not have been hired, or would have been fired, if the employer had known of the [application] falsification, the plaintiff suffered no legal damage by being fired.... it becomes irrelevant whether or not she was discriminated against"), *cert. granted*, —— U.S. ——, 113 S.Ct. 2991, 125 L.Ed.2d 686 (U.S.1993).

 Plaintiff acknowledges her misrepresentations, but denies that they were material in the hiring process. She claims that Microdyne cannot claim to be have been misled because it could have discovered the true facts of her employment history by contacting her former employer. Yet, Russell specifically instructed Microdyne *not* to contact her former employer for a reference. Peter Kaufman, plaintiff's supervisor at MEI, testified in his deposition that he: (1) knew plaintiff was looking for full-time work; (2) encouraged plaintiff to list him as a reference; and (3) would have given her a positive recommendation. Rather than support her argument, these facts provide additional evidence that Russell's misrepresentations were deliberate. In light of the favorable recommendation MEI allegedly would have given plaintiff, the only reason for Russell to disguise her situation and to direct Microdyne not to contact MEI would be to conceal the fact that she had been laid off from her previous position and had not found full-time work for nearly a year to prevent any adverse effect on her application. She purposefully failed to disclose these facts in order to artificially enhance her chances of being hired and of being hired at an inflated salary.

Russell's supervisor at Microdyne and the individual who hired her, Ralph Mason, and Microdyne's Executive Vice President, Christopher Maginniss, have testified that they consider her misrepresentations to be serious. Both Mason and Maginniss have stated that because of the doubts Russell's misrepresentations cast upon her credibility, Microdyne would never have hired her and would have terminated her if they had known about her misstatements. Mason and Maginniss'

testimony is consistent with the statement of Microdyne policy which she signed on her employment application:

> [A]ny false statements or misrepresentations made by me on this application or any supplement thereto, will be sufficient grounds for rejection of this application or discharge after employment.

This employment application statement is persuasive evidence that the employer would terminate the employee and that the employee was fully aware of that fact when making the misrepresentations. *Benson v. Quanex Corp.*, 1992 WL 63013 1992 U.S.Dist. LEXIS 3689 (E.D.Mich. March 24, 1992).

The testimony by Mason and Maginniss and the application statement refute Russell's claim that the after-acquired evidence doctrine does not apply because she has not yet been dismissed. The evidence establishes Microdyne's position that the only reason Russell remains on the company payroll is because of this lawsuit. If Microdyne had immediately fired her when it discovered the evidence of her misrepresentations, plaintiff might have expanded its accusations of retaliation in this action.

█ Regardless of the reasons for Russell's continued employment by Microdyne, however, there is no principled reason for applying the after-acquired evidence doctrine differently for a current employee than for a former employee. The after-acquired evidence doctrine is as much a bar to the employment practices about which plaintiff complains—discriminatory denial of advancement, promotion and raises—as it is to a claim of discriminatory discharge. If plaintiff would be precluded from recovering for discriminatory dismissal under the doctrine, then she must also be barred from suit in this case where the alleged harm—failure to promote—is far less severe.

█ Plaintiff challenges the after-acquired evidence doctrine itself on the grounds that the Equal Employment Opportunity Commission has recently recommended that its regional attorneys argue in court that after-acquired evidence is "relevant only to the issue of appropriate remedy" and is "not a defense to liability." EEOC Notice No. 173

(March 1, 1993) at 350. However, no distinction exists between liability and remedy when no relief is available because of after-acquired evidence of deception during hiring. *Smallwood*, 728 F.2d at 618; *Johnson*, 955 F.2d at 415 ("Because Honeywell established that it would not have hired Johnson and that it would have fired her had it become aware of her resume fraud during her employment, Johnson is entitled to no relief, even if she could prove a violation of [civil rights statute]").

Moreover, the EEOC litigation position is not entitled to any deference because rather than being an agency guideline as in *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), the agency's notice merely expresses a litigation posture. EEOC Notice No. 173 (March 1, 1993) at 350 (discussing after-acquired evidence in context of summary judgment motions and stating that "if this defense is asserted in one of your cases, please refer" to certain EEOC briefs). Although this notice does not even rise to the level of a guideline, guidelines themselves lack the force of administrative rules. *Guardians Ass'n of New York City v. Civil Service Commission of City of New York*, 630 F.2d 79, 90–91 (1980) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280 (Blackmun, J., concurring) (stating that guidelines "have never been subjected to the test of adversary comment. Nor are theories on which the Guidelines are based beyond dispute")), *cert. denied* 452 U.S. 940, 101 S.Ct. 3083, 69 L.Ed.2d 954 (1981). The court thus rejects the EEOC position that after-acquired evidence of misrepresentation is an inappropriate basis for summary judgment.

For the foregoing reasons, the court concludes that the plaintiff made material misrepresentations to the defendant upon her employment application and that these misrepresentations satisfy the requirements of the after-acquired evidence doctrine and hence bar her discrimination claims.

For the foregoing reasons, the defendant's Motion for Summary Judgment should be GRANTED.

An appropriate order shall issue.

## ORDER

For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.